UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Albert R. Specht, III,                                Case No. 17-cv-217

       Plaintiff

   v.                                                 MEMORANDUM OPINION

Otsuka America Pharmaceutical, Inc.,

       Defendant

I.     INTRODUCTION

Before me is Defendant Otsuka America Pharmaceutical, Inc.'s unopposed Rule 12(b)(6) motion to dismiss. (Doc. No. 8).

II.     BACKGROUND

Plaintiff Albert R. Specht, III filed a *pro se* complaint in the Lucas County Court of Common Pleas "for bodily harm and physical damages in the amount of 14.7 million USD." (Doc. No. 1-1 at 5). In the complaint, Specht asserts that Defendant Otsuka America Pharmaceutical, Inc. ignored safety concerns about the MTBE binding agent used in the drug Abilify Maintenna Injectable Suspension. *Id.* Specht alleges that the binding agent is unsafe for human use, stating several health complications he has experienced. *Id.* Specht does not state the time period he was taking the drug, though the attached medical records do cite it as a "current medication" in November and December of 2015 and February 2016. *Id.* at 14, 17, 20, 23.

Otsuka removed the action to federal court under diversity jurisdiction since Specht is requesting $14.7 million in damages and there is diversity of citizenship. (Doc. No. 1). Otsuka now moves to dismiss the complaint, asserting Specht has failed to assert a claim for which relief may be granted. (Doc. No. 8).

III.     STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant that Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so

long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). But pro se pleadings must "alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A simple "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678.

IV. DISCUSSION

As noted by Otsuka, it appears from the face of the complaint that Specht is stating a products liability claim under the Ohio Products Liability Act ("OPLA"), alleging the drug Abilify Maintenna causes physical harm and is not safe for human use.

OPLA "abrogate[s] all common law product liability claims or causes of action." O.R.C. § 2307.71(B). Product liability claims are civil claims

> that seek[ ] to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
> (c) Any failure of that product to conform to any relevant representation or warranty.

O.R.C. § 2307.71(A)(13). Included as a product under OPLA are "ethical drug[s]," or "prescription drug[s] that [are] prescribed or dispensed by a physician or any other person who is legally authorized to prescribe or dispense a prescription drug." O.R.C. § 2307.71 (A)(4). Abilify Maintenna is an "ethical drug." Specht's suit against Otsuka, as the manufacturer of Abilify

3

Maintenna, that seeks compensatory damages for alleged physical harm incurred from taking the drug is a products liability suit governed by OPLA.

To succeed on a claim under OPLA, Specht must prove,

> by a preponderance of the evidence, that (1) "the manufacturer's product in question was defective in manufacture or construction as described in section 2307.74 of the Revised Code, was defective in design or formulation as described in section 2307.75 of the Revised Code, was defective due to inadequate warning or instruction as described in section 2307.76 of the Revised Code, or was defective because it did not conform to a representation made by its manufacturer as described in section 2307.77 of the Revised Code"; and (2) such defect was a proximate cause of harm for which the plaintiff seeks to recover compensatory damages.

*Frey v. Novartis Pharmaceuticals Corp.*, 642 F. Supp. 2d 787, 792 (S.D. Ohio 2009) (quoting O.R.C. § 2307.73(A). Like the plaintiff in *Tolliver v. Bristol-Myers Squibb Co.*, No. 1:12 CV 00754, 2012 WL 3074538 (N.D. Ohio July 30, 2012), Specht has "failed to even mention the OPLA, much less refer to the specific provision governing their claims." *Tolliver, supra*, at *3. Not only has Specht failed to allege any specific claim under OPLA, but also has failed to assert any facts to suggest there is a defect in the ethical drug or its packaging, merely stating it is unsafe for human use and that Otsuka ignored safety concerns about the drug. But Specht does not state any facts to support this conclusion, stating no safety concern that was ignored or why the drug is unsafe for human use. Further, Specht fails to allege facts regarding when he took the drug or when he began experiencing the health problems that would plausibly suggest the drug was a proximate cause of his conditions. Because Specht merely states conclusory allegations rather than facts, I find that Specht has failed to state a claim for which relief may be granted.

V. CONCLUSION

For the foregoing reasons, Otsuka's unopposed motion to dismiss for failure to state a claim is granted. (Doc. No. 8).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge